Good morning. Thank you for being willing to move this day up from November. We appreciate it. We're ready to hear arguments in our first case, United States v. Delano. We're ready to hear from the appellant. Good morning. Good morning. I think the issue in Mr. Delano's case is not whether an ex post facto violation occurred. It's a choice of law issue. Mr. Delano was convicted in 1993. Restitution was imposed per judgment in 1993. In 1996, the MVRA was passed. Mr. Delano's restitution was imposed under the VWPA. The VWPA allowed restitution to be enforced for up to 20 years after imposition. The MVRA allowed restitution to be enforced for 20 years after Mr. Delano was discharged from imprisonment or released from imprisonment. So, again, the issue is whether Mr. Delano's restitution should be enforced under the VWPA that was in effect at the time of his sentence or the MVRA. Under Tenth Circuit law, when we decide whether to use the new statute or the old statute, we use a three-step test. The three-step test is, first, whether Congress expressly states their intent in the statute, which in the MVRA they clearly do. The MVRA says... Well, we're looking here simply at the effective date of the statute, aren't we? That's... Well, the effective date of the statute and the language that says that we don't apply this statute to anything that occurs before the effective date of the statute, that's correct. So, Mr. Delano is convicted in 93. Under the VWPA in 96, the MVRA is enacted. The MVRA couldn't be more clear that it only applies to cases on or after the enactment date, which is April 24, 1996. Under the VWPA, Mr. Delano's restitution should have expired in 2013. Which sentence and judgment and conviction do we look at in this case? Do we look at his original sentence that was imposed when he was sentenced for bank robbery? Or do we look at his second sentence that was imposed for violation of supervised release? Well, I think we look at his original sentence for bank robbery because by the time we get to the second sentence, the one for the revocation, under the VWPA, the 20 years have now passed. So, I think that's a critical issue in this case. I think that in all the cases that the government presents, we're looking at ex post facto issues. In other words, is it an ex post facto violation? But here you're saying your case is different because there's that gap in time, that is the expiration of the first statute before the enactment of the second? No, Your Honor. Our case is different because it's the only one in anyone's brief where we've actually argued that it's not an ex post facto violation, it's a change of law violation. As near as I can tell, we're the only ones who have ever argued that the reason why the restitution order was an illegal sentence is because the MVRA clearly says that it doesn't apply to convictions prior to its enactment. You can see language in McGuire, for instance, pointing this out and indicating that it wasn't raised so it won't be discussed. You can see language in Olson that says the same thing that was cited in Appellant's brief. So that's the distinction between Mr. Delano's case and the cases that the government argues. The cases the government argues, the petitioners have uniformly raised the issue of ex post facto violation as the error that the district court committed. What about Howard? Now, the reason I ask you that, Mr. Waddell, is there some subtle distinction that underlies your theory, and that is that when a court revokes supervised release, and this I think draws back to Judge Briscoe's question, and imposes a condition, now, for example, a court may say we have a federal crime, you owe child support from 10 years ago, we're going to require you as part of our conditions to pay that old child support obligation. It's not reimposing child support, and that's what I think the court was saying at Howard. So why is it, at least for purposes of prong two, an obvious error to say in 1993, you had an immediate obligation to repay the victim of bank robbery, this $11,000, you haven't paid half of it, and we're going to require you, just like in Howard, even though it was an ongoing obligation, that was due in 1993, and we're going to require you, as part of my revocation of supervised release, to pay that old debt, much like courts customarily require defendants to pay any number of outstanding state court obligations, like child support. I think the answer to that question is that the court doesn't have an inherent authority to issue restitution. The authority to issue restitution comes from the statute. The statute, in fact, is the VWPA. The VWPA gives the court authority to enforce that restitution for 20 years from date of imposition. Once 20 years has passed, the court no longer has authority, and Mr. Delano no longer has liability. So I think that's a distinction that we can see in this case. Would you help me on this, Mr. Weidel? In Howard, the revocation hearing was held within the period of the 20 years under the VWPA, isn't that correct? Yes, Your Honor, in 1994, and then again in 1998. Is that an important distinction from this case, where the revocation hearing is held after the expiration of the VWPA 20 years? It's certainly a distinction in this case. I think under Howard, the Fifth Circuit, I think the question still should have been, which law do we… For instance… Let me ask you this. The question you're trying to pose was never posed in Howard, correct? Correct. And I don't see the issue coming up that's significant. In other words, if Howard has said, well, I can't repay that, now it's mandatory. So I think that's the reason why… Well, the express language in the statute is why we go back to the VWPA, but in Howard, it's not raised. Ultimately, it's an ex post facto issue, which is ruled like every other ex post facto issue that we see involving the VWPA, which is procedural rather than substantive. We're here on plain air. Could you walk us through how this is a plain air? Yes, Your Honor. First, the language of the MVRA couldn't be more clear that it only applies to cases on or after the enactment. The district court and counsel… Oh, it's plain air. You say it's air automatically because we're looking at the effective date. And what you have here is a re-imposition of restitution after the initial sentence was imposed. Yes, Your Honor. In Mendenhall, recently this court found exactly that, that a restitution order that wasn't a legal order was plain air. A different reason the statute of limitations hadn't run. In Mendenhall, the issue was whether the restitution was related to the offense of conviction, but it appears to be… it appears to end the same. If the court didn't have authority to impose the restitution, then the restitution order is an illegal sentence. And under Mendenhall, that means plain air. To get to the plain part of plain air, we usually look to see whether there is a Supreme Court case on point or a Tenth Circuit case on point. Do we have that here? I think Landgraf, the United States Supreme Court, sets out the test for determining choice of law, which is we look at the express… the first step is we look at the express language of the statute to see if Congress evinces an intent. Here, the intent is clear that it only applies to cases on or after. As far as Tenth Circuit cases, we have Olson, which says that the sentencing occurred prior to the enactment of the MVRA. The appeal occurred after passage of the MVRA, but the Tenth Circuit Olson said we're still going to use the VWPA because that was the restitution statute in effect at the time of conviction. We also have Taylor, which is the opposite. In Taylor, the petitioner wanted the benefit of the VWPA because it allowed for a restitution to be calculated based on ability to pay. The Tenth Circuit in that case said no, you were sentenced after the passage of the MVRA, so that's… the express language says that's what restitution is based on. Mr. Waddell, what if… when this panel is conferring and drafting, it determines that all that you just said does not establish precedent in the Tenth Circuit or the Supreme Court, or that at a minimum, it's… the precedent is so garbled that the error in this case, if any, could not have been plain. How do you deal with that? I say that we had McGuire. McGuire had both the language that says that it doesn't apply to cases unless they are… unless the conviction is on or after. But that was in a footnote, and it was expressly stated in the footnote that the matter has not been presented, so… Well, we have… I don't see where that takes you. We have Gerardo Gutierrez v. Green that sets out the test. That's a published case, and it makes clear that what the court is to do is to look at the plain language of the statute to see if Congress expressed an intent as to the reach, the temporal reach of the statute. So, we have published law that says that this is what we're to do. We failed to follow that published law. We had that information in front of us at the district court level. We simply missed it. So, it was error, and I believe we met… we meet all the requirements of plain error. So, is an effective date part of the language of the statute? Yes, Your Honor. The MVRA clearly says that it doesn't apply to cases unless they are on or after. That's sort of the effective date footnote. It's not within the body of the text of the statute. Well, isn't it in… isn't it in either Section 211 of the public law that is in the historical notes that we get in? Reuters' versions or the USC, correct? USCA? I believe that is correct. I'd like to reserve the balance of my time, and I'll try to find that. Thank you. We're ready to hear from the appellee. Good morning, Your Honors. Good morning. Good morning, Mr. Wydell. May it please the court, Bonnie Singal from the Northern District of Oklahoma on behalf of the United States. The district court properly found Mr. Delano still liable for his 1993 restitution debt for two reasons. First, the district court did not commit plain error when it ordered Mr. Delano to finish paying the restitution he still owes to the victim of his armed bank robbery. Second, the district court's decision to hold defendant accountable for overdue restitution did not affect his substantial rights and did not affect the fairness, integrity, or public reputation of judicial proceedings. As to the first… Well, doesn't it affect the integrity and fairness of the judicial proceedings if you're enforcing a statute that was not in effect when the restitution was ordered? No, Your Honor. And the reason is that the effective date language in the statute that you were just discussing with Mr. Wydell is found in the notes to the statute. It's not in the body of the statute itself. So it's less significant that it's in the notes than the body of the statutes? In other words, is there authority to say that we can simply disregard the effective date of the language because it's found in the notes rather than in the text? Your Honor, I did not cite any authority to that effect. If I could explain. This court has already determined in at least two decisions, the McGuire case and Thornbrew, that applying the MVRA provision to pre-MVRA debts is not a violation of the defendant's rights under ex post facto analysis. Which is not an issue here. That's correct, Your Honor. But I think it's important that this court realize that this court has already addressed this issue two times. Judge Murphy's already covered the McGuire problem. McGuire specifically said, we're not reaching the issue. By the way, here's something interesting that they put in the footnote, but they didn't address it. Yes, Your Honor. And then the Thornbrew panel in February of 2019 relied on McGuire and finding in another case similar to the facts in this case, that the MVRA time period could still apply to pre-MVRA debt. Was Section 211 of the public law as to the effective date addressed in Thornbrew? It was not, Your Honor. The court did not use the same caveat that the McGuire panel used. Ms. Zignal, I want to explore this because I don't quite understand your position. You say because the effective date is for our purposes and ease of research and things is in the historical notes. Is it somehow it's not positive law? It was part of the act that was passed by Congress, correct? Yes, Your Honor, it was. Then do we just ignore it? I'm not saying to ignore it, Your Honor. What I'm saying is that this court has already decided that to further the purpose of both the VWPA and the MVRA, which are both victim-focused statutes, that the MVRA enforcement period can still be applied to a pre-MVRA debt. Under the ex post facto clause? Yes, but also for your purposes, if you look at the fact that this is a procedural rule, it's not a substantive rule, then I believe that does not foreclose your honors from upholding the district court. How? I didn't mean to talk over you, Judge Murphy. No, you go ahead. Well, how does your analysis help us in interpreting just a phrase, on or after the effective date? How does the analysis that restitution is simply a procedural right for purposes of the ex post facto clause, how does that help us interpret what those words mean, on or after the effective date? Well, Your Honor, I would say, first of all, I don't think that Mr. Wydell's position that it's clear and obvious has been met here. That language does not foreclose the application of the MVRA to pre-MVRA debts. It does not set an outer limit, as Mr. Wydell would like you to believe. And I think we need to get back to plain error review. Mr. Delano has not presented any binding 10th Circuit authority that interprets that language the way he wants it to. Well, Ms. Signo, on that, let me ask you this. If you have a statute that is clear and unequivocal on its face, do you need 10th Circuit precedent in order to say that that is the clear, unequivocal law? I think you do, Your Honor. The language to me is not clear and unequivocal on its face. So what you're saying on behalf of the executive branch of the government, that what the courts say trumps exactly the expressed language of what Congress says. Isn't that the effect of what you're saying? The intent of Congress in enacting the MVRA was to protect victims. And the way Congress did that was in two ways. First, they expanded the liability period to account for the fact that when a defendant is in prison, the time to enforce the restitution is effectively postponed for both the government and the victim. And second, by making restitution mandatory. So the court eliminated the consideration of a defendant's economic circumstances. Isn't that argument going to prong number four, fleet error? Is that correct? Yes, Your Honor. Okay. Are you conceding, then, that number one, there was error? I am not conceding there's error, Your Honor. But to the extent that this court believes there was error, then Mr. Delano has not met the other prongs of plain error review. Well, assuming we find that there was error, I'm not sure I understand your argument on why it's not plain. We look at the language of statute, and it seems to be plain, clear. Courts are supposed to apply statutes, and according to my hypothetical, we find that it's error. Why is that error not plain? It's not plain, Your Honor, because the district court did follow McGuire, Nichols, and then Thornbrew was not cited, but also followed this court's decision in Thornbrew. And going to the third prong... Wait a minute, but let's not leave the plainness. If you're not conceding the plainness, let me explore that a little bit. The district court actually referenced McGuire, isn't that correct? Yes, Your Honor. That means that the district court must have read footnote one of McGuire, which cites section 211 of the act as the effective date, correct? Yes, Your Honor. But it doesn't say anything about that? The court didn't say anything about that? No, the court did not. So shouldn't it be plain then to the court, as it's citing McGuire and reading it, that the effective date of this makes it inapplicable to the defendant in front of him? Correct? I'm not conceding that point, Your Honor.  Because as we cited from Talia Farrow, that when you have an open liability period and a time period is expanded or extended while the original period is still open, then the new expanded period would apply. Right, but that period was no longer open. That period expired in 2013, didn't it, when 20 years passed since the date of the judgment of conviction? That period was still open in 1996 when the MVRA was enacted. It's not open in the very time we're talking about, and that is the date that this defendant is appearing in front of the district court. Your Honor, I don't believe that's dispositive, though, because if the MVRA, which was enacted in 1996, expanded the 1993 time period, then it would be expanded at any point when the district court had looked at it. So you're looking at the sentencing proceedings that are quoted in Section 11, the sentencing proceedings in cases in which the defendant is convicted on or after the date of enactment of this Act, April 24, 1996. You're looking at the sentencing proceedings that occurred at the revocation hearing? Your Honor, is that how you buy that extra time? No, maybe I misunderstood the question then. What sentencing are we looking at? How do we run the clock? So the clock starts in 1993 when Mr. Delano is first ordered to pay restitution. Then in 1996, the MVRA is enacted, and that extends the liability period. It basically takes out the time that a defendant is in prison. But when was he sentenced, according to what I just read out of Section 211? When was he sentenced? He was sentenced in 1993, Your Honor. Right. And so that's the beginning of the clock. Correct. And that clock ran before the new Act was used to impose restitution yet again. Well, I understand where you're going, Your Honor, but my position is that the clock starts in 1993, but in 1996, when the MVRA is enacted, that time period gets extended. So the time period is no longer 2013. It's 20 years plus the period of incarceration. So the fact that the court reviewed it in 2019, it's still an open sentence, and it's still an open debt. Ms. Zignal, I take it from your earlier remarks. The reason why you take that position is because you're relying upon language from the Ninth Circuit case, which I'm not sure is published or not, Richards, in which they said it was procedural rather than substitute. That's really the very basis of your theory of why you can do this, correct? Yes, Your Honor. What do you do with the language in Richards that conditioned everything on this? It says, absent congressional intent to the contrary. How do you deal with that? When you have congressional intent in Section 211 of the Act saying it's effective only for sentences that occur in or after April of 1996? Well, Your Honor, the language doesn't actually say only. It does say shall, but it doesn't say only. So I would submit that it's not opposing. Oh, OK. So that means it can apply to sentences in March of 1996? Well, if the debt is still open and owing, then it would. Isn't that actually foreclosed? I mean, even though you're the one relying on Howard, I want to just draw back on Judge Murphy's question. Isn't your argument actually inconsistent with the cited authority in Howard? Because in Howard, the court rationalized that the court wasn't reimposing restitution. It was saying it was still open. I don't know that the court was saying it was going to be extended another 20 years because of the effective date of the MVRA. It was saying that it was simply recognizing that there was a debt that was only a few years old that was outstanding at that time. I don't know that you cited any cases, or frankly, I don't know. It's a pretty remarkable proposition to say that because Congress enacted a new statute saying that it will become effective on or after the effective date of the statute, that that somehow is an automatic extension of the obligation for another 20 years from that date. I mean, are there any cases that, even in another context, that have suggested that? I didn't know that that was what you were arguing in your brief. That seems pretty remarkable. Well, Your Honor, again, I point back, and I understand it was for different reasons, but this court has determined that the MVRA time period can apply to the pre-MVRA debts. And I would just emphasize that there is no plain error here, that the cases cited by Mr. Delano are not on point and don't deal with statute of limitations issues like we are dealing with here. And I understand, I see my time is out, and I ask the government, or the government asks that the court affirm the district court. Thank you. Thank you, counsel. I think that I would point out again that Gerardo Gutierrez clearly sets out a three-step rule for dealing with just this issue, determining which statute to impose. The first step is to determine the congressional intent. It doesn't matter where that congressional intent is found, just that it be clear. It is clear in this case. When it is clear, you don't move to step two or three. If it wasn't clear, step two is statutory construction, and it's not until step three that you look at whether it has a retroactive effect. In all the cases that the government has cited, it's been an ex post facto issue. I can't see how that's valuable unless you have a situation that's the opposite of ours. In other words, Congress said it applies backwards, or you're looking at issues where the conduct occurred in 92, and the sentencing, for whatever reason, wasn't reached until 96 or 97. So the information was in front of the court. It was in front of counsel. It was plain, and it was in error. Thank you. So could I ask one question about prong four? Yes. Could you address prong four? I'll just put it this way. Some might argue, and I think the government has argued, that in 1993, a bank robber was ordered to repay the bank $11,000 that he had stolen from the bank, whether it expired or not. Many people within our respective communities in our six states would say it's hardly impugning the integrity of the judicial proceedings, or the reputation of the judicial proceedings, to say that a bank robber had to repay the victim of a bank robbery more than two decades after the fact. That's what the government has argued in prong four. What's your response to that? My response would be that any time that we get it wrong and we have a chance to correct it, that's what we should do regardless of whether Mr. Delano is a sympathetic person or his cause is sympathetic or not. You know, I think that the time had expired on his sentence. The court no longer had authority to impose it, and a court should not enforce any type of order that it doesn't have authority to do so. When a court does something like that, that affects the integrity of the court. Thank you. Thank you, counsel. Thank you. This case is submitted. We appreciate your arguments this morning.